UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- x
LURLINE LEWY,                                                    :
                                                                 :
                      Plaintiff,   :   **ORDER DENYING IN PART**
                                                                 :   **AND GRANTING IN PART**
   -against-                                              :   **MOTION TO DISMISS**
                                                                 :
JP MORGAN CHASE BANK & CO. and                                   :   20 Civ. 10048 (AKH)
JP MORGAN CHASE BANK N.A.                                        :
                                                                 :
                      Defendants.  :
                                                                 :
                                                                 :
                                                                 :
---------------------------------------------------------------- X

ALVIN K. HELLERSTEIN, U.S.D.J.:

        Plaintiff Lurline Lewy ("Plaintiff" or "Lewy") filed this action against Defendants JP Morgan Chase Bank & Co. and JPMorgan Chase Bank, N.A. (collectively "Chase") to recover the contents of a bank account which she and her late husband maintained with Chase. Chase moves to dismiss the complaint as time-barred, as well as for failure to state a claim upon which relief can be granted. On June 8, 2021, I held oral argument in the above-captioned matter. As stated on the record during oral argument, Chase's motion to dismiss is denied. Plaintiff's demand for documentation of the transference of her funds to the state in 2018 is within the statute of limitations. *See* N.Y. C.P.L.R. §§ 213, 214(3); *Leonhard v. United States*, 633 F.2d 599, 613 (2d Cir. 1980) (explaining that "[d]espite the general principle that a cause of action accrues when the wrong is done, regardless of when it is discovered, certain wrongs are considered to be continuing wrongs, and the statute of limitations, therefore, runs from the commission of the last wrongful act.") (citations omitted). The plausible allegations contained

within the complaint are sufficient to withstand a Motion to Dismiss under Fed. R. Civ. P. 12(b)(6), *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

However, Plaintiff's claims for breach of the implied covenant of good faith and fair dealing, negligence, and conversion are dismissed as duplicative of its breach of contract claim. *See Harris v. Provident Life & Acc. Ins. Co.*, 310 F.3d 73, 81 (2d Cir. 2002) (explaining that breach of the implied covenant claim cannot be sustained where it is based upon the same facts as a breach of contract claim which is also pled); *see also Clark-Fitzpatrick, Inc. v. Long Island R.R. Co.*, 516 N.E.2d 190, 194 (N.Y. 1987) ("Merely charging a breach of a 'duty of care', employing language familiar to tort law, does not, without more, transform a simple breach of contract into a tort claim."); *AD Rendon Comms., Inc. v. Lumina Americas Inc.*, 2007 WL 2962591, at *5 (S.D.N.Y. Oct. 10, 2007) (dismissing conversion claim where conversion and contract claims involved "overlapping allegations" and sought "redress for virtually the same damages.").

In conclusion, Chase's motion to dismiss is denied. Defendant shall answer the complaint within 14 days of this order. The parties are directed to appear for an Initial Case Management Conference on July 9, 2021 at 10 a.m. The Clerk is directed to close the open motion, ECF No. 13.

SO ORDERED.

Dated:  New York, New York  /s/ Alvin K. Hellerstein
         June 9, 2021  ALVIN K. HELLERSTEIN
         United States District Judge